Norman S. BOWLES, Jr., Appellant,

v.

Spencer G. DOBSON, Sr., and Estella I.
Dobson, Appellees.

No. 3583.

District of Columbia Court of Appeals.

Argued Nov. 23, 1964.

Decided Jan. 14, 1965.
Rehearing Denied Feb. 1, 1965.

H. Clay Espey, Washington, D. C., for
appellant.

Joseph P. McCormick, Washington, D.
C., entered an appearance for appellees, but
filed no brief.

Before HOOD, Chief Judge, and QUINN
and MYERS, Associate Judges.

QUINN, Associate Judge.

This was a suit by appellees for the return of $1,000 paid to appellant, an attorney, as part of a retainer fee of $1,400. Appellees claimed that their son was confined in the Virginia State Penitentiary as the result of a conviction for armed robbery; that appellant was retained to secure his release; that appellant failed to institute any legal proceedings in his behalf; that their son was still confined, and that appellant promised to return the retainer if unsuccessful in his efforts. Appellees conceded that appellant had earned $400 of the retainer, and asked for a judgment of $1,000. After trial the jury returned a verdict in their favor and this appeal followed.

We find it unnecessary to recite in detail the facts as revealed by the voluminous transcript. Appellant argues first that appellees' claim is barred by the statute of limitations. Code 1961, § 12–301 (Supp. III, 1964) provides:

"Except as otherwise specifically provided by law, actions for the following purposes may not be brought after the expiration of the period specified below from the time the right to maintain the action accrues:

\* \* \* \* \* \*

"(7) on a simple contract, express or implied—3 years;"

The evidence established that appellant received three payments from appellees, the last in November 1959. The complaint was filed on January 18, 1963, and appellant

urges that the contract contemplated that he was to secure their son's release in six weeks. However, according to the pretrial statement of appellees, which was incorporated by the court in its pretrial statement, "the purpose of the representation was to secure an *early release* of the son who, it was alleged, had been convicted on perjured testimony." (Emphasis supplied.) Moreover, appellant's answer stated: "Defendant's services extended from September 28 or 29, 1959, through June, 1962, and he earned, fairly and fully, the total of $1,400.00 paid to him." A review of the record discloses that there is ample evidence to sustain appellees' position that a breach of the contract did not occur until after January 18, 1960, and therefore the bar of the statute does not apply.

■ Appellant's second contention is that there was insufficient evidence to prove that his services were worth only $400. At the conclusion of appellees' case he moved for a directed verdict on that ground. The motion was denied and thereafter appellant gave extensive testimony as to the value of his services. Several witnesses appeared in his behalf to corroborate his testimony. Accordingly, there was substantial evidence before the jury regarding the value of appellant's services and the verdict has adequate support in the record.

■ Appellant's third contention is that the retainer contract was illegal because it was based on the understanding that appellant would use extra-legal means in obtaining the release of appellees' son. This argument was raised for the first time in appellant's brief and it is utterly reprehensible when suggested by an officer of the court as a defense to a suit for breach of a retainer agreement.

We find the remaining contentions insufficient to require a new trial or a disturbance of the jury's verdict.

Affirmed.